**John A. JENKINS, Petitioner,**

v.

**COMMANDANT, FIRST NAVAL DIS-TRICT, Department of the United States Navy, Boston, Massachusetts and Commanding Officer Marine Barracks, Charlestown Naval Shipyard, Charlestown, Massachusetts, Defendants.**

**Misc. Civ. No. 69-39.**

United States District Court
D. Massachusetts.

Sept. 16, 1969.

John C. Cratsley, Cambridge, Mass., for plaintiff.

Herbert F. Travers, Jr., U. S. Atty., Stanislaw, R. J. Suchecki, Asst. U. S. Atty., for defendant.

## OPINION

FRANCIS J. W. FORD, District Judge.

Petitioner in this case, a private in the United States Marine Corps, having been denied a discharge from the service, or in the alternative a "humanitarian reassignment" seeks relief from this court by way of habeas corpus.

On January 15, 1968 petitioner with his mother's consent, enlisted in the Marine Corps for a period of four years. After recruit training he was assigned to duty at Camp Pendleton, California. On September 13, 1968, while on leave, he applied at the Marine Barracks, Boston for assistance in preparation and submission of a request for hardship discharge or humanitarian transfer. He was authorized to remain in Boston to gather materials to support his application which he finally submitted on October 30, 1968. He was given an opportunity to appear before a board of three officers appointed to consider his request. The board recommended denial of the requested discharge and the granting of a humanitarian transfer to the Boston area. The commanding officer endorsed this recommendation and forwarded the request to Washington. On November 22, 1968 the Commandant of the Marine Corps disapproved the request in its entirety and Jenkins was then ordered to return to duty with his unit at Camp Pendleton.

In April, 1969 Jenkins was again in Boston on leave from his unit in California. On April 25, 1969 he again appeared at the Marine Barracks in Boston to resubmit his request for discharge or transfer, was again given time in Boston to prepare his request and on May 21 submitted additional information to support his request. On June 21, 1969 the following message denying his request was received at the Marine Barracks from the Commandant of the Marine Corps:

"PLEASE INFO PVT JOHN A JENKINS 2422463 USMC APPLICA-TION HARDSHIP DIS NOT APPROVED."

This apparently constituted the only document setting forth the final action on petitioner's request.

Petitioner was ordered to report again to Camp Pendleton. However, upon the filing of his habeas corpus petition this court temporarily restrained his transfer from this district, and he has remained here pending final disposition of the habeas corpus proceeding.

Respondents concede that if plaintiff is being unlawfully retained in the service, he is entitled to obtain his release from this court by habeas corpus. It is contended, however, that his application is premature, since he has not yet exhausted his available administrative remedies. Specifically, government contends that before prosecuting this action petitioner should seek relief from the Board for Correction of Naval Records established under 32 C.F.R. § 723.1 et seq. While a petition to the Board has been held to be available to servicemen in petitioner's position, it is not necessary to seek such relief after final denial of his request for discharge before seeking judicial relief. United States ex rel. Brooks v. Clifford, 4 Cir., 409 F.2d 700, rehearing denied, see 412 F.2d 1137; Ogden v. Zuckert, 111 U.S.App.D.C. 398, 298 F.2d 312; Gann v. Wilson, D.C., 289 F.Supp. 191; Girault v. United States, 135 F. Supp. 521, 133 Ct.Cl. 135. But see Craycroft v. Ferrall, 9 Cir., 408 F.2d 587.

The criteria for the granting of a so-called hardship discharge from the Marine Corps are set forth in 32 CFR 730.63 as follows:

§ 730.63 Discharge or release from active duty for reason of dependency or hardship.

(a) *Authorization.* The commandant of the Marine Corps and all Marine general officers in command may authorize and direct the discharge or release from active duty of en-

listed personnel for dependency or hardship.

\* \* \* \* \*

(c) *Limitations.* Undue hardship does not exist solely because of altered present or expected income or because the individual is separated from his family or must suffer the inconveniences normally incident to military service. Discharge or release from active duty by reason of hardship or dependency will not be authorized:

(1) For personal convenience alone.

(2) When the Marine required medical treatment.

(3) Solely by reason of the pregnancy of the Marine's wife.

When a Marine who is in a disciplinary status submits an application for discharge or release from active duty by reason of dependency or hardship, see § 730.51(m).

(d) *Limitations on disapproval.* Discharge or release from active duty will not be disapproved under the provisions of this paragraph solely because:

(1) The enlisted person's services are needed in his organization, or

(2) He is indebted to the Government or to an individual.

(e) *Conditions.* Discharge or release from active duty for hardship or dependency will be warranted and may be authorized and directed when all the following conditions are met:

(1) Undue and genuine dependency or hardship exists.

(2) Dependency or hardship is not of a temporary nature.

(3) The Marine has made every reasonable effort to relieve the hardship by means of application for dependents allowance and voluntary contributions which are proven inadequate.

(4) Conditions have arisen or have been aggravated to an excessive degree since entry into the Marine Corps or entry on current tour of extended active duty. An example of a meritorious case is one in which the evidence shows that, as a result of the death or disability of a member of the Marine's family, his discharge or release from active duty is necessary for the support or care of a member or members of the family.

(5) Discharge or release from active duty will result in the elimination of, or will materially alleviate, the condition, and there are no means of alleviation readily available other than by such discharge.

In support of his original application in 1968 petitioner submitted affidavits of himself and his mother and letters from two physicians, a social worker and a probation officer. In 1969 he submitted supplementary affidavits and letters from three social workers.

From the facts set forth in these documents it appears that petitioner's mother, Gloria Jenkins, is the only adult in the family home. She receives welfare payments of $179.50 per month from Aid to Families with Dependent Children. She now pays rent of $85.00 per month, as against $68.00 at the time when petitioner enlisted. Petitioner, who receives $109.50 per month from the Marine Corps, sends her $25.00 each pay day when he is able to. A formal allotment from his pay would not aid the family situation since in that situation the monthly welfare payment would be reduced by a corresponding amount.

Mrs. Jenkins suffers from a chronic urinary infection which is frequently incapacitating. When she has been able to secure employment, she was physically unable to continue at work for more than a week or two. She has a daughter of kindergarten age whom she cannot see safely to and from school. She is often confined to bed and is unable to do her household chores or to go outside to do necessary shopping. No other member of the family is now at home. Another son, who was at home when petitioner enlisted, younger than petitioner, no longer lives with the family. While he was at home he gave some help with

household work and contributed some financial support. However, he also presented a disciplinary problem. Petitioner while at home was able to exercise a good influence on his conduct.

Teen-Age Employment Skills Training, Inc., in Cambridge states that it is certain that if petitioner is discharged, it could readily place him in suitable employment.

■ These facts clearly set forth a case for a discharge under the applicable regulations set forth above. The petitioner's family exists in a condition of undue hardship far beyond the inconveniences normally incident to the absence of a member in military service and which is not of a temporary nature, and which has been aggravated since petitioner's entry into the Marine Corps. The situation is clearly one in which because of the disability of petitioner's mother his discharge is necessary for the support and care of his mother and sister. While petitioner remains in the service he cannot do anything more to substantially alleviate the family's financial condition. If he is released there is good reason to believe that not only will he be able to secure employment and provide financial support, but that his presence and opportunity to care for his dependents and assist in the maintenance of the household will materially alleviate conditions which can be alleviated by no other readily available means.

■ Of course, it is the function of this court not to decide whether it would find that petitioner was entitled to discharge, but only to determine whether or not the action of the Marine Corps in refusing him a discharge was supported by substantial evidence. Sanford v. United States, 9 Cir., 399 F.2d 693; Stephens v. United States, 358 F.2d 951, 174 Ct.Cl. 365. Here the decision of the Commandant of the Marine Corps was communicated without explanation. No findings of fact were ever set forth. The petitioner in his supporting material has set forth a strong case for entitlement to a discharge. There is

nothing in the administrative file of the case and nothing pointed out to this court by the government to indicate the facts set forth by petitioner are controverted or that any other facts can be adduced to support denial of the discharge. There is nothing to indicate in any way in what respect it was decided that petitioner had not fully met the requirements for discharge set forth in the regulations. In the light of these facts the court concludes that the denial of petitioner's request for a hardship discharge was not supported by substantial evidence and was without basis in fact, and that petitioner is entitled to the discharge which he requested.

An order will be entered directing that unless within thirty days the respondents grant petitioner Jenkins the discharge to which he is entitled under the Marine Corps Separation and Retirement Manual, § 6014, 32 C.F.R. § 730.63, the writ will issue and petitioner will be discharged by this court from the custody of respondents.