Larry **TOWNLEY**, Petitioner,

v.

Stanley R. **RESOR**, etc., et al.,
Respondents.

No. C-70 2523.

United States District Court,
N. D. California.

Dec. 21, 1970.

Steve A. Slatkow, Legal Aid Society of Monterey County, Seaside, Cal., for petitioner.

James L. Browning, Jr., U. S. Atty., Richard F. Locke, Asst. U. S. Atty., San Francisco, Cal., for respondents.

### ORDER REMANDING TO THE ARMY PETITIONER'S APPLICATION FOR HARDSHIP DISCHARGE.

ZIRPOLI, District Judge.

Petitioner, currently serving in the United States Army, filed an application for a hardship discharge pursuant to AR 635–200, on the grounds that he was the sole support of his 85 year-old grandmother who is, but should not be, living alone. In support of this application he submitted letters from ministers, friends, and a doctor stating that she should not live alone, as well as data relating to both his and his grandmother's financial condition. His application was approved by both his troop and company commander. The Army, unable to reach a clear-cut decision, sent petitioner's application to the State Director of Selective Service of petitioner's home state, pursuant to regulation. He recommended disapproval of the application. The Army subsequently denied the application, stating only that petitioner did not meet the appropriate regulation, reciting the content of that regulation.[1]

▮ In reviewing an application for hardship discharge, or any other discretionary act of the Army, district courts may only reverse the Army's decision if that decision is arbitrary and capricious and thus offends due process of law. Feliciano v. Laird, 426 F.2d 424, 427

---

1. AR 635–200, in pertinent part, provides:

Section II. DEPENDENCY OR HARD-SHIP

6–4. Authority. At the discretion of the Secretary of the Army, an individual may be discharged or released, as appropriate, from active military service because of—

\* \* \* \* \*

b. Hardship

(1) Undue and genuine hardship conditions affecting members of the enlisted person's family have arisen after, or as a result of his entry into active military service. Undue and genuine hardship does not necessarily exist solely because of altered income or because the entitled person is separated from his family, or must suffer the inconveniences normally incident to military service.

(2) Hardship conditions are not of a temporary nature.

(3) Conditions existing in the enlisted person's family prior to his entry into active military service have been aggravated to such an extent as to constitute undue and genuine hardship.

(4) The enlisted person has made every reasonable effort to alleviate hardship conditions, including application for benefits as provided in AR 37–104 (Dependents' Assistance Act of 1950), without success.

(5) Discharge or release from active military service of the enlisted person is the only readily available means of eliminating or materially alleviating the hardship conditions. (AR 635–200, Ch. 6, § 11, ¶ 6–4b.)

(2nd Cir. 1970); U. S. ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371, 374–375 (2nd Cir. 1968). Implicit in this standard of review is the fact that the court cannot make a de novo review of the facts, but must examine the conclusions reached by the Army and its reasons for so concluding.

Respondents argue that there is sufficient evidence in the application so as to sustain the Army's decision. They argue that petitioner had not exhausted all other possibilities before applying for discharge, as his application for a Class Q Allotment had not yet been acted on by the Army.[2] Also, petitioner had not applied for relief from his pre-induction debts under the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. App. § 501 et seq. But these justifications ignore the basic thrust of petitioner's application. Petitioner contends that his 85 year-old grandmother, who raised petitioner alone from age 12 and who has no other family, cannot live alone, regardless of economic conditions. To this, respondents reply that there has not been a sufficient showing of her inability to live alone to justify granting the discharge. Without reaching the merits of this contention, the court must remand this application to the Army.

As stated earlier, review of a decision of this nature by the court does not justify de novo review, but merely a determination as to whether or not the Army's decision was arbitrary and capricious. Implicit in this is the understanding that the court must have something to review. Once petitioner has stated a prima facie case for a discharge, the Army must explain, in factual terms, why it is denying the application. See United States v. Haughton, 413 F.2d 736 (9th Cir. 1969); Goodwin v. Laird, 317 F.Supp. 863 (N.D.Cal. 1970). Without such reasons, it is impossible to determine whether or not the decision was arbitrary and capricious,

and judicial review becomes meaningless.

In this case there can be no argument that petitioner has not stated a prima facie case in his application. He has stated that his grandmother's inability to live alone and their mutual inability to get anyone other than himself to live with her prompted his application. This type of hardship is not temporary in nature, was clearly aggravated by petitioner's induction, and cannot be cured by any other means, thus meeting the requirements of AR 635–200. Furthermore, the Army recognized that petitioner had stated a prima facie case when they sent his application to the State Director of Selective Service. This procedure is only employed when there is no reason on the face of the application to deny the discharge, Feliciano v. Laird, supra, 426 F.2d at 428, or, in other words, when a prima facie case of entitlement has been made.

Since a prima facie case has been made, it is incumbent on the Army to state clearly its reasons for denying the application. Without these reasons, meaningful judicial review is a nullity and a measure of due process is summarily removed from the system.

For the above reasons, it is ordered that petitioner's application for a hardship discharge be remanded to the Army for further proceedings in accordance with this opinion, and that petitioner be allowed to file any additional information he deems relevant to update his original application. Should these proceedings not be commenced within 30 days from the date of this order or concluded within 90 days from the date of this order, this court shall entertain further proceedings in this matter.

To assure the court's continued jurisdiction over this matter, it is further ordered that petitioner not be removed from the jurisdiction of this court until such time as the order this day entered is complied with.

---

2. This application was subsequently granted, and petitioner's grandmother now receives $100 per month from the Army, thereby raising her income to a point above her expenses.