11 F.3d 1069
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Juan A. MARTINEZ, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5063.
 United States Court of Appeals, Federal Circuit.
 Sept. 30, 1993.
 
 Before NIES, Chief Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Juan A. Martinez, a former cadet in the Reserve Officer Training Corps (ROTC) of the United States Army, seeks review of a judgment of the United States Court of Federal Claims upholding the decision of the Army Board for Correction of Military Records. Before the Board, Martinez's challenge to his disenrollment from the ROTC program was rejected. We affirm.
 
 Discussion
 
 2
 The facts are undisputed that, as Martinez neared the conclusion of the undergraduate and ROTC programs at the State University of New York--Oswego, he completed a physical examination as a prerequisite to obtaining a commission as a second lieutenant. In response to questioning by a physician, Martinez admitted to marijuana use. The Army then disenrolled Martinez from the ROTC program, stating that he failed to meet medical requirements.
 
 
 3
 Following protest by Martinez, the Army concluded that a medical disqualification was improper and revoked its disenrollment order. Martinez was subsequently disenrolled by reason of findings by a Formal Board of Officers (1) that Martinez exhibited undesirable character traits through his marijuana use, and (2) that he was no longer motivated to serve as a commissioned officer.
 
 
 4
 Although Martinez admitted before the Board that he was aware marijuana use could lead to disenrollment, he contends that a nonmedical disqualification cannot flow from his physical examination. We disagree. As the court noted, Army regulation provides that marijuana use is a basis for disenrollment for undesirable character traits, whether the cadet is addicted or not. Army Regulation (AR) 145-1, para. 3-26a. The source of the Army's knowledge was, of course, Martinez's own statement. Martinez's attempts to characterize his examination as a custodial interrogation are unpersuasive. That his admission occurred during a physical examination is legally irrelevant.
 
 
 5
 The Army's additional ground, namely, that Martinez lacked sufficient motivation to serve as an officer, was solidly based on his statements to the Board that he was badly disillusioned with the Army, had adjusted his career plans, and had been accepted into graduate school. Indeed, he stated in a brief to this Court that he had "lost his desire to serve in the military" and that he did not "want to be the colleague of hypocritical persons." Reply to Appellee's Informal Brief at 7 (March 28, 1993). Martinez offers no coherent argument or factual basis for overturning this ground for his disenrollment.
 
 
 6
 Having considered all of Martinez's arguments, we affirm the judgment on the basis of the well-reasoned opinion of the trial court.