**James M. O'NEIL, Private First Class, U.S. Marine Corps, Petitioner,**

v.

**SECRETARY OF THE NAVY; Commandant, U.S. Marine Corps; and Commander, Inspector and Instructor Unit, McKeesport, Pennsylvania, Respondents.**

No. Civ.A. 99–1850.

United States District Court, W.D. Pennsylvania.

Dec. 3, 1999.

Louis P. Font, Brookline, MA, for petitioner.

John A. Maksym, Amy Reynolds Hay, AUSA, Washington, DC, for respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ZIEGLER, Chief Judge.

(1) Plaintiff, James M. O'Neil, is a citizen of this district and resides at Rochester Mills, Indiana County, Pennsylvania. Plaintiff is an active member of the United States Marine Corps with the rank of private first class. Plaintiff is currently assigned to a Marine Corps unit at McKeesport, Pennsylvania, as an active duty member of the armed forces of the United States.

(2) Pending before the court is the petition of plaintiff for a writ of habeas corpus. PFC O'Neil contends that he applied for a discharge on the basis of hardship, and that the discharge was wrongfully denied, allegedly in violation of various military laws and regulations. Plaintiff also alleges that Executive Order No. 13139 is illegal and violative of the Nuremberg Code. Finally, petitioner contends that the denial of a hardship discharge, under these circumstances, is arbitrary and capricious, and that injunctive relief is necessary and appropriate.

(3) Jurisdiction is based on 28 U.S.C. §§ 2241, 1331, 2209, and 2202, and venue is appropriate in this district.

■ (4) As a threshold question, we must determine whether we have jurisdiction to address plaintiff's habeas corpus petition.[1] In making this determination, we must consider two issues: first, whether the court has jurisdiction over the petitioner; and, second, whether this court has jurisdiction over the "custodian" of the petitioner. See Murphy v. Garrett, 729 F.Supp. 461, 465 (W.D.Pa.1990). We conclude that this court has jurisdiction over petitioner O'Neil because, since August 1, 1999, plaintiff has been living with his parents at Rochester Mills, Indiana County, Pennsylvania, while serving as an active member of a Marine Corps unit at McKeesport, Pennsylvania. Both locations are within this district.

■ (5) With respect to the second inquiry, a "custodian" of a serviceman on

---

1. It is settled that a writ for habeas corpus is an appropriate remedy for servicemen who claim to be unlawfully retained in the armed forces. See Parisi v. Davidson, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972). See also Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971). The Court of Appeals has stated that "it is well settled that habeas relief ordinarily is available to a person who claims he is being unlawfully detained by the [military]." Murphy v. Garrett, 729 F.Supp. 461, 464 (W.D.Pa.1990) (quoting Bowman v. Wilson, 672 F.2d 1145, 1156 (3d Cir.1982)).

active duty is deemed to be the serviceman's commanding officer, that is, the person within the military who has control over the serviceman.[2] *See Schlanger v. Seamans,* 401 U.S. 487, 490–91, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971). Thus, while O'Neil is stationed at McKeesport, Pennsylvania, and reports to a commanding officer, who is also stationed in McKeesport, this court has jurisdiction over plaintiff's commanding officer, as his "custodian." We hold that the threshold requirements of subject matter jurisdiction have been met in this habeas corpus petition.

■ (6) Next, we must determine whether O'Neil has exhausted his military remedies prior to filing suit for habeas relief. It is settled that, when a member of the armed forces has applied for a discharge, relief may be sought by habeas corpus in a federal district court only after the serviceman has exhausted all avenues of military administrative relief. *See Parisi v. Davidson,* 405 U.S. 34, 35, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972); *Bowman v. Wilson,* 672 F.2d 1145, 1157 (3d Cir.1982); *Sedivy v. Richardson,* 485 F.2d 1115, 1119 (3d Cir.1973), *cert. denied,* 421 U.S. 910, 95 S.Ct. 1559, 43 L.Ed.2d 774 (1975). The exhaustion requirement affords an administrative agency the opportunity to perform functions within its "special competence . . . to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi,* 405 U.S. at 37, 92 S.Ct. 815. By deferring to the military authorities, federal courts avoid duplicative proceedings and friction between the tribunals. *See Bowman v. Wilson,* 672 F.2d 1145, 1158–59 (3d Cir.1982). Although 10

U.S.C. § 938 provides a remedy for a serviceman who "believes himself wronged by his commanding officer[,]" we hold that plaintiff has exhausted his administrative remedies and that this civil action is ripe for adjudication. There is no requirement that petitioner should seek relief from the Board for Correction of Naval Records established under 32 C.F.R. § 723.1. *Jenkins v. Commandant,* 303 F.Supp. 1150–1151 (1969); *See Murphy v. Dalton,* 81 F.3d 343 (3d Cir.1996).

■ (7) Although there is Supreme Court language that questions whether courts have authority to review discretionary military decisions, *see Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953); *Strait v. Laird,* 406 U.S. 341, 346, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972) (Rehnquist, J., dissenting), the majority of courts have held that a court has such discretion. *See Bandoy v. Commandant,* 495 F.Supp. 1092 (E.D.Pa.1980) (petition seeking judicial review of hardship discharge requested); *Harris v. Middendorf,* 4 MLR 2456 (S.D.Cal.1976) (same); *Rickson v. Ward,* 359 F.Supp. 328 (S.D.Cal.1973) (same); *Townley v. Resor,* 323 F.Supp. 567 (N.D.Cal.1970) (same); *Jenkins v. Commandant First Naval Dist.,* 303 F.Supp. 1150 (D.Mass.1969) (petition for review of denial of hardship discharge; discharge request granted); *Santos v. Franklin,* 493 F.Supp. 847 (E.D.Pa. 1980). However, it is also settled that the court's power to review discretionary military decisions is limited. *See Parisi v. Davidson,* 405 U.S. 34, 41–42, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972); *Dellaverson v. Laird,* 351 F.Supp. 134, 138 (S.D.Cal.1972).

---

**2.** The court in *Schlanger* noted that a "custodian" for purposes of habeas corpus jurisdiction of a district court was the person within the military who had control over the serviceman at "all relevant times." *Schlanger,* 401 U.S. at 490–91, 91 S.Ct. 995. In the present case, it could be argued that O'Neil's current commander was not his custodian "at all relevant times" since the administration of anthrax vaccine occurred in Okinawa. However, because O'Neil currently serves in the McKeesport unit and continues to assert this

petition for hardship discharge, his current commander qualifies as a custodian "at all relevant times," considering the cumulative nature of the petition. More specifically, O'Neil submitted several requests for a hardship discharge to his commander at McKeesport and each of these requests 'was denied. Thus, O'Neil's commander in the McKeesport unit is O'Neil's custodian due to the commander's direct involvement in the denial of O'Neil's hardship discharge petition.

Indeed, the courts give deference to military decisions because to second-guess the military "would be a disruptive force as to affairs peculiarly within the jurisdiction of the military authorities." *Orloff v. Willoughby,* 345 U.S. 83, 95, 73 S.Ct. 534, 97 L.Ed. 842 (1953). Even in peacetime, courts give deference to the discretionary personnel decision of the armed forces. *See Ramirez–Vasquez v. Rice,* No. 89 CIV 5103, 1990 WL 6557, at *4 (S.D.N.Y. Jan.22, 1990). Therefore, although a great majority of courts have held that a federal court possesses the power to review a discretionary military decision, such review should be limited to an arbitrary and capricious standard. *See Bandoy v. Commandant,* 495 F.Supp. 1092, 1095 (E.D.Pa. 1980).

(8) As a result of our finding that PFC O'Neil has exhausted his administrative remedies, this court must determine two additional issues: (a) whether plaintiff has established a prima facie case for discharge; and (b) whether the Navy's denial of O'Neil's petition for hardship discharge was arbitrary and capricious. *See Bandoy v. Commandant of the Fourth Naval Dist.,* 495 F.Supp. 1092 (E.D.Pa.1980).

(9) To establish a prima facie case for a hardship discharge, DOD Directive 1332.14 and Section 6407 of the Marine Corps Separation and Retirement Manual require that the petitioner show (a) the hardship is not temporary, (b) conditions have arisen or have been aggravated to an excessive degree and the member has made every effort to alleviate the situation, (c) administrative discharge will alleviate the condition, and (d) there are no other means of alleviation reasonably available. *See* Appendix E.

(10) Applying these precepts to the instant dispute, we find that plaintiff has failed to prove that the decision of the Commandant of the Marine Corps was arbitrary and capricious. *First,* plaintiff has failed to establish that his mother's depression is not temporary. Plaintiff has been assigned to Quantico, Virginia, and the units at Quantico are in Phase III of the vaccination program. Thus, plaintiff will not likely receive further vaccine shots in the remaining 18 months of his commitment. In short, a parent's medical condition is not permanent where, as here, the condition may be arrested when the serviceman receives no further anthrax shots *or* is granted a discharge. *Second,* PFC O'Neil has not made every effort to alleviate the situation. The Marine Corps has attempted to accommodate PFC O'Neil by assigning him to a Phase III unit at Quantico, Virginia, where he may never receive further inoculations, and where he will be closer to his mother. Plaintiff has refused to accept or try this accommodation to determine whether the change in circumstances may resolve the medical condition at home. *Third,* plaintiff has failed to establish that there are no other means to alleviate the condition. As rehearsed, plaintiff has refused to try a reasonable accommodation that may prove successful in resolving the anxiety and depression of his mother. *Fourth,* during the trial, the following colloquy occurred with the court. The Court: "Well, if your going to be at Quantico and you're not going to be exposed to the remainder of the shots and you can travel to Rochester Mills, would that not be significant with regard to the problem at home?" PFC O'Neil replied: "Your honor, I believe that would alleviate most of it, but the concern is still for my fellow Marines that would be subject to this vaccination." Trans. at 63–64. We find that plaintiff has failed to establish a prima facie case for a hardship discharge and that the decision of the Commandant to deny a hardship discharge under these circumstances was neither arbitrary nor capricious.

(11) Plaintiff has filed a motion for a preliminary injunction and therefore PFC O'Neil has the burden of proving by a preponderance of the evidence: irreparable harm, likely success on the merits, the public interest, and the harm to others

from the grant or denial of a preliminary injunction.

(12) We find that plaintiff has failed to prove by a preponderance of the evidence that he will suffer irreparable harm if relief is denied. As stated, PFC O'Neil has failed to take advantage of an accommodation offered by the Marine Corps which, if properly explained to his mother, may alleviate the anxiety, stress and depression that she is currently experiencing. Moreover, there is no evidence of record that PFC O'Neil has described to his mother, or her treating physicians, that the vaccine is not an experimental drug; the drug has been licensed by the FDA since 1970; the Secretary of the Navy, the Joint Chiefs of Staff and 378,000 servicemen have received the vaccine, including plaintiff, without serious adverse reaction. In short, plaintiff has failed to prove that his mother would not make a complete recovery if she is given a balanced, rather than a distorted, description of the program.

(13) We also find that plaintiff has failed to prove by a preponderance of the evidence that he is likely to succeed on the merits. *First,* as we have found, the hardship discharge request was properly denied by the Marine Corps, under the circumstances. *Second,* the evidence establishes that the anthrax vaccination program is a lawful response by defendants to the dangers with which the military personnel of the United States may be confronted in the future. *Third,* Executive Order No. 13139 is irrelevant to the instant dispute because the anthrax vaccine has been licensed by the FDA since 1970, and the vaccine is not an experimental drug. *And fourth,* neither the Nuremberg Code nor the United States Constitution is implicated by the discretionary decisions by defendants in this case.

(14) The public interest also weighs heavily in favor of defendants. The military authorities have the right to render discretionary decisions, under these circumstances, and determine where a serviceman shall complete a voluntary commitment. In addition, defendants have an overriding responsibility to protect the health and safety of American military personnel by administering appropriate vaccines when faced with the growing threat of biological and chemical weaponry. The anthrax vaccination program is a lawful response by the Department of Defense to this threat based upon the scientific evidence of record. Finally, the possibility of harm to the morale and discipline of the United States Marine Corps from the grant of a preliminary injunction in this case far outweighs the needs of plaintiff, especially when we consider the reasonable accommodation available to plaintiff.

(15) The order granting the temporary restraining order will be vacated, and the motion of plaintiff for a preliminary injunction will be denied.