Bobby L. COOPER, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 99–920 C.

United States Court of Federal Claims.

June 29, 2000.

Bobby L. Cooper, Ashland, Kentucky, pro se.

Terry M. Petrie, Washington, D.C., with whom were Acting Assistant Attorney General David W. Ogden, Director David M. Cohen and Assistant Director Bryant G. Snee, for defendant. Lt. Col. Terry E. Elling and Major James R. Agar II, Arlington, Virginia, of counsel.

## ORDER

MOODY R. TIDWELL, III, Senior Judge.

This case is before the court on defendant's motion to dismiss. Plaintiff, Bobby L. Cooper, claims that his conviction and subsequent discharge from the United States Army in 1967 was illegal. Plaintiff seeks back pay totaling $175,000 plus $4,825,000 in other damages. Defendant moves to dismiss plaintiff's claim pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC) because the claim is barred by the statute of limitations. The court hereby grants defendant's motion to dismiss.

## BACKGROUND

Plaintiff, Bobby L. Cooper, brought his complaint pro se. Mr. Cooper, a former member of the United States Army, was convicted on February 15, 1967, at a general court-martial of charges of absence without leave, disobeying an order and creating a disturbance in violations of Articles 86, 90, and 94, respectively, of the Uniform Code of Military Justice. The general court-martial sentenced plaintiff to be dishonorably discharged from service, to forfeit all pay and allowances, to be confined to hard labor for five years and to be reduced to the grade of private E–1. Upon appeal, the Army authorities set aside the conviction of the charge for being absent without leave and reduced the length of confinement at hard labor initially to 4 years, and ultimately to 1½ years.

Mr. Cooper unsuccessfully challenged his 1967 conviction six times. Plaintiff appealed his conviction to the United States Army Board of Review, and subsequently appealed that decision in the United States Court of Military Appeals. Twenty-two years later, in 1989, plaintiff submitted an application to the Army Board for Correction of Military Records requesting a recharacterization of his dishonorable discharge. In 1995 plaintiff filed a petition for habeas corpus before the United States District Court for the Eastern District of Kentucky, London Division, and subsequently appealed that decision to the United States Court of Appeals for the Sixth Circuit. Lastly, plaintiff submitted yet another application to the Army Board of Correction of Military Records, which was denied in 1999.

On November 3, 1999, plaintiff filed his complaint in this court, alleging a host of claims contributing to the alleged illegal conviction and dishonorable discharge. Among them are claims that he was placed in segregation without being charged or read his rights; the conviction was invalid because immunity was granted to a witness; the jury received improper instructions as to both the law and procedure; a denial of equal protection as his rights were not reinstated after five years; denial of due process because all charges should have been dropped when the basis for confinement was overturned and dismissed; ineffective assistance of counsel; and denial of a right to a hearing before the Board of Corrections of Military Records. Plaintiff seeks back pay, reinstatement of benefits, correction of his military records and punitive damages.

Defendant filed a motion to dismiss plaintiff's complaint on January 24, 2000, contend-

ing that the complaint was filed more than thirty years after plaintiff's discharge—well beyond the 28 U.S.C. § 2501 (1994) six-year statute of limitations. For the reasons below, defendant's motion to dismiss is granted.

## DISCUSSION

In evaluating defendant's motion to dismiss for lack of subject matter jurisdiction, the court must construe the facts in the complaint in the light most favorable to plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and accept any undisputed allegations of fact as true, *see Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 747–48 (Fed.Cir. 1988). *See also Bond v. United States*, 43 Fed.Cl. 346, 348 (1999). However, plaintiff bears the ultimate burden of establishing the court's jurisdiction over his claims. *See McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Reynolds*, 846 F.2d at 747.

For the purposes of this motion to dismiss, defendant accepts as true the factual allegations set forth in the complaint but argues that plaintiff's claim is barred by the six-year statute of limitations governing claims brought before this court. *See* 28 U.S.C. § 2501. In particular, defendant maintains that plaintiff's claim was filed well beyond the statute of limitations because the claim first accrued when plaintiff was discharged from military service in 1967. Plaintiff must establish that his claims are not barred by the statute of limitations.

## I. Jurisdiction

■ In his complaint plaintiff requests punitive damages and additional relief for the emotional and mental anguish he experienced as a result of his dishonorable discharge. Although plaintiff might have been entitled to such relief under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, 2674, 2675(a) (1994), this court cannot hear plaintiff's tort claim against the government because the district courts have exclusive jurisdiction over the Federal Torts Claims Act. *See* 28 U.S.C. § 1346(b); *see also Cottrell v. United States*, 42 Fed.Cl. 144, 147 (1998); *Sanders v. Unit-*

*ed States*, 34 Fed.Cl. 75, 79 (1995) (citing *Martinez v. United States*, 26 Cl.Ct. 1471, 1476 (1992), *aff'd without opinion*, 11 F.3d 1069, 1993 WL 382586 (Fed.Cir.1993)).

■ As for plaintiff's claims for back pay, this court generally possesses jurisdiction when enlisted members are involuntarily separated prior to the end of their terms of enlistment and seek reinstatement and back pay. *See* 37 U.S.C. § 204 (1994 & Supp. II 1996); *Sherwin v. United States*, 42 Fed.Cl. 672, 675 (1999) (citing *Sargisson v. United States*, 913 F.2d 918, 920 (Fed.Cir.1990)). Defendant contends that plaintiff's claims are outside the subject matter jurisdiction of this court due to the expiration of the statute of limitations.

■ Pursuant to 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Moreover, the statute of limitations is "jurisdictional in nature and, as an express limitation on the waiver of sovereign immunity, may not be waived." *Hart v. United States*, 910 F.2d 815, 818–19 (Fed.Cir. 1990); *see Bath Iron Works Corp. v. United States*, 20 F.3d 1567, 1571 (Fed.Cir.1994); *Kirby v. United States*, 201 Ct.Cl. 527, 539, 1973 WL 21341 (1973). Furthermore, it is well established that (1) a claim challenging an involuntary discharge from the military first accrues when the member is discharged or separated from active duty status and (2) pursuing a claim through the military correction boards does not generally toll the statute of limitations and an adverse decision by a board does not create a new period of limitations. *See Hurick v. Lehman*, 782 F.2d 984, 986 (Fed.Cir.1986); *see also Andrews v. United States*, 43 Fed.Cl. 561, 565 (1999); *Sanders v. United States*, 34 Fed.Cl. 75, 79 (1995); *Lewis v. United States*, 27 Fed.Cl. 104, 106 (1992).

■ Thus plaintiff's claim for back pay accrued in 1967 when he was officially discharged from the United States Army. Accordingly, the statute of limitations on plaintiff's unlawful discharge claim began to run in 1967 and expired six years later in 1973.

**118**

Since plaintiff's complaint was filed on November 3, 1999, any cause of action for unlawful discharge plaintiff may or may not have had is barred by the statute of limitations.

Plaintiff's basic argument in its opposition to the government's motion to dismiss is that the statute of limitations cannot bar a constitutional claim. The Supreme Court has held, however, that a constitutional claim can become time-barred just as any other claim. *See Block v. North Dakota*, 461 U.S. 273, 292, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) (citing *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980) and *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957)); *see also Lunaas v. United States*, 936 F.2d 1277, 1279 (Fed.Cir.1991); *Creppel v. United States*, 33 Fed.Cl. 590, 599 (1995). Plaintiff cites the following two cases as support for his contention, neither of which buttresses his claim. First, in *Guitard v. United States Secretary of the Navy*, 967 F.2d 737 (2d Cir.1992), the court dealt with issues relating to exhaustion of the administrative remedies doctrine, not whether constitutional claims can be barred by statutes of limitation. Neither was the issue of statute of limitations before the district court in *O'Neil v. Secretary of the Navy*, 76 F.Supp.2d 641 (W.D.Pa.1999). Plaintiff has not established that his claims are not barred by the statute of limitations. Therefore, the court concludes that because plaintiff's claim was filed more than six years after his discharge from the military in 1967, the claim is barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED**, and plaintiff's complaint is to be dismissed with prejudice.

**IT IS SO ORDERED.**