Tony L.C. MYERS

v.

The UNITED STATES.

No. 223–85C.

United States Claims Court.

Sept. 23, 1985.

Tony L.C. Myers, pro se.

Carol N. Park, Washington, D.C., with whom were Acting Asst. Attys. Gen., Richard K. Willard and David M. Cohen, Washington, D.C., for defendant. Lt. Colonel Joyce E. Peters and Captain Chester P. Beach, Jr., Office of the Judge Advocate Gen., Dept. of the Army, of counsel.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WHITE, Senior Judge.

On June 17, 1985, the defendant filed a document entitled "Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment." As the defendant augmented the motion by attaching to it numerous documents of an evidentiary nature, the motion will be treated as one for summary judgment.

The plaintiff has not submitted any materials to discredit the accuracy or the rele-

vance of the documents attached to the defendant's motion. Consequently, such documents, together with other matters of record in this court, will be accepted as establishing facts to be considered by the court in passing upon the pending motion.

### Background Information

After previous military service, the plaintiff reenlisted in the Army on August 19, 1977, as a Specialist Four for a period of 4 years. Following his reenlistment, the plaintiff completed Advanced Individual Training; and he was then reassigned to Fort Belvoir, Virginia, as a Bridge Specialist on or about October 27, 1977.

Because of what the plaintiff's Unit Commander regarded as sporadic bizarre behavior on the plaintiff's part, the Unit Commander referred the plaintiff to the Community Health Activity at Fort Belvoir on July 7, 1978, for a psychiatric evaluation. Some days later, on July 27, 1978, the plaintiff was referred to Walter Reed Army Medical Center, with a diagnosis of paranoid personality.

The psychiatric examination and evaluation of the plaintiff at Walter Reed Army Medical Center resulted in a diagnosis of "passive-aggressive personality, with paranoid features, manifested by multiple interpersonal conflicts and adjustments to military life in difficult conditions."

On August 8, 1978, the plaintiff was returned to duty, with a recommendation that his future conduct be scrutinized in the Mental Health Clinic, as it seemed likely that similar problems would develop in the future.

On the basis of the papers from Walter Reed Army Medical Center, the Chief of the Community Health Activity at Fort Belvoir recommended that the plaintiff be administratively separated from the service under the provisions of paragraph 13–4b of Army Regulation 635–200.

The plaintiff's Unit Commander, after notifying the plaintiff of his intention to do so, recommended that the plaintiff be discharged under the provisions of Army Regulation 635–200 for unsuitability, due to his personality disorder. A few days later, on November 3, 1978, the Brigade Commander approved the plaintiff's separation and directed that he be furnished an Honorable Discharge Certificate. The plaintiff was honorably discharged on November 9, 1978.

On November 14, 1978, the plaintiff filed with the Army Board for Correction of Military Records an application asking that he be retroactively reinstated in the Army and that he receive back pay for the period subsequent to his discharge.

In a decision dated February 27, 1980, the Army Board for Correction of Military Records recommended that the plaintiff's record be corrected to show that his discharge for unsuitability on November 9, 1978, was void and of no force or effect, that he was placed on excess leave from November 9, 1978, to February 27, 1980, and that he was honorably discharged for the convenience of the Government on February 27, 1980. The findings, conclusions, and recommendation of the Board were approved on May 14, 1980, by a Deputy Assistant Secretary of the Army, who directed that the plaintiff's military record be corrected in the respects recommended by the Board. The correction was subsequently accomplished.

On August 15, 1980, the plaintiff filed an action against the Secretary of the Army in the United States District Court for the District of South Carolina, alleging in part that, before November 9, 1977, the plaintiff had been serving in the Army under an "enlistment contract," and that he was discharged from the military service on November 9, 1977 "without just cause and without regard for established Army procedures * * * and without regard to plaintiff's rights in such matters, thereby prohibiting plaintiff from completing his obligation under the aforementioned enlistment contract." The plaintiff sought a judgment for damages because of "this breach of contract." Some months later, on May 18, 1981, the District Court transferred the case to this court's predecessor, the United States Court of Claims.

The plaintiff then, on July 15, 1981, filed a new complaint (No. 344–81C) in the Court of Claims, naming the United States as the defendant and setting out allegations similar to those contained in the complaint previously filed with the District Court.

On or about July 28, 1981, the plaintiff initiated settlement negotiations with Lori F. Fischler, the then attorney of record for the Government. The plaintiff's first proposal was an offer to settle the litigation for $35,616.10. Thereafter, the settlement negotiations continued through the remainder of 1981 and into 1982. On March 18, 1982, Ms. Fischler advised the plaintiff in a telephone conversation that she was willing to recommend approval of a settlement in the amount of $15,000, which would cover the plaintiff's pay and allowances that would have accrued from the date of his invalid discharge on November 9, 1978, to the date of his ultimate discharge, as recommended by the Army Board for Correction of Military Records and approved by the Deputy Assistant Secretary of the Army, plus some compensation for the plaintiff's litigation expenses.

In a letter dated March 19, 1982, from the plaintiff to Ms. Fischler, the plaintiff stated in part as follows:

This is to confirm our conversation on March 18, 1982 during the morning hours. Tony L. Myers * * * being of excellent health and sound mind agrees to the settlement offer of fifteen thousand no/100 dollars (15,000) therefore, releasing and dropping all charges concerning Tony L. Myers vs United States in the case no. # 344–81C in the Court of Claims. * * *

On May 10, 1982, the plaintiff and the Government entered into a "Stipulation for Entry of Judgement." This document provided in part as follows:

2. Under the terms hereinafter stated, defendant consents to the entry of judgment for plaintiff in the amount of $15,000.00 in full satisfaction of any and all claims (including any costs, attorney fees or other expenses) arising out of, resulting from, or related to, the matters involved in this suit which include and are not limited to plaintiff's discharge and the subsequent decision of the Army Board for the Correction of Military Records.

3. Plaintiff warrants and represents that no other action with respect to its claim herein is pending or will be filed in any other court, legislative body, or administrative body, and that should there be any violation of this warranty and representation, all monies paid herein will be promptly refunded to defendant together with interest thereon at the rate of 6 percent per annum.

On May 14, 1982, the trial judge recommended that the Court of Claims enter an order incorporating and approving the stipulation. On May 18, 1982, "based on the stipulation of the parties," the Court of Claims entered an order of judgment for the plaintiff in the amount of $15,000.

On September 4, 1984, the plaintiff filed another action (No. 453–84C) in this court. In the 1984 complaint, the plaintiff alleged that the settlement in case No. 344–81C had been only "partial," and, because of this, the plaintiff had been denied pay for the period from February 27, 1980 (the date of the plaintiff's discharge for the convenience of the Government, in accordance with the recommendation of the Army Board for Correction of Military Records) to August 18, 1981 (the date on which the plaintiff's enlistment was scheduled to expire). The plaintiff sought a judgment against the Government for the additional pay allegedly due him.

On motion of the defendant, the complaint in case No. 453–84C was dismissed by the court in an unpublished decision dated February 5, 1985. The court stated in part as follows:

Plaintiff has alleged no material error, fraud, or other defect in connection with the stipulation for entry of judgment in the earlier, and identical, action. Accordingly, there is no reason, at this date, to reopen the court's entry of judgment or to relieve plaintiff therefrom.

*The Present Complaint*

The present complaint, No. 223–85C, represents an attempt by the plaintiff to obtain further judicial consideration of his discharge from the military service effective February 27, 1980. The key allegation in the complaint seems to be set out in the following language:

5. Before and during the plaintiff entering upon a Stipulation for Entry of Judgment several misrepresentations, fraud actions, and other misconduct of erroneous information was communicated telephonically, coupled with misleading written distribution on March 12, 1982 letter from the U.S. Department of Justice, concerning attorney Lori F. Fischler, whereas, the plaintiff has a witness to attest to the same, as evidence by the copy of the letter attached hereto and marked Exhibit "A", concerning the February 27, 1980 discharge.

\*   \*   \*   \*   \*   \*

9. Plaintiff is relying on the subject of misrepresentation, fraud and misconduct before the stipulation for entry of judgment to contest the Judgement Order of May 18, 1982 which should be void and of no effect.

The complaint concludes with a prayer for "relief and amendment of judgment from the court against the defendant, in amount from wrongful discharge February 27, 1980 to August 18, 1981 for proper backpay and time awarded correctly \* \*."

The language of the complaint makes it plain that the plaintiff in this proceeding is not asserting any new cause of action. Rather, the plaintiff apparently is seeking relief pursuant to RUSCC 60(b) from the Court of Claims' judgment of May 18, 1982, in case No. 344–81C. That rule authorizes the granting of relief from a judgment on six different grounds, one of them being "(3) fraud \* \* \*, misrepresentation, or other misconduct of an adverse party." This is the ground asserted by the plaintiff.

■ In the first place, this attempt by the plaintiff to obtain relief from the judgment of May 18, 1982, comes too late, and it must be denied on that account. RUSCC 60(b) declares in mandatory language that a request for relief from a judgment on the ground asserted by the plaintiff—fraud, misrepresentation, or other misconduct of an adverse party—"*shall* be made \* \* \* *not more than one year* after the judgment, order, or proceeding was entered or taken" (except that this limitation is not applicable in a situation where fraud has been practiced upon the court, which is not involved here). [Emphasis supplied.] The present complaint, as previously indicated, was filed on April 17, 1985, or approximately 3 years after the Court of Claims entered the judgment in case No. 344–81C, on May 18, 1982.

■ Moreover, a request for relief from a judgment under RUSCC 60(b), or under the same provision in the Federal Rules of Civil Procedure, is addressed to the sound discretion of the trial judge. *Wilkin v. Sunbeam Corp.*, 466 F.2d 714, 717 (10th Cir.1972), *cert. denied*, 409 U.S. 1126, 93 S.Ct. 940, 35 L.Ed.2d 258 (1973); *Montgomery v. Hall*, 592 F.2d 278, 279 (5th Cir.1979). Inasmuch as a party who seeks such relief on the ground of fraud, misrepresentation, or other misconduct of an adverse party has the burden of proving by "clear and convincing evidence" that an adverse party engaged in misconduct and thereby prevented the moving party from fully and fairly presenting his case (*Square Construction Co. v. Washington Metropolitan Area Transit Authority*, 657 F.2d 68, 71 (4th Cir.1981); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir.1978)), the principle of conserving judicial resources seems to require that, in order to justify the holding of a hearing on the matter, the moving party's request must be supported by an indication that the necessary "clear and convincing evidence" exists.

The material which the plaintiff attached to his complaint does not provide any support for the allegation that the defendant was guilty of fraud, misrepresentation, or other misconduct in connection with the

stipulation on which the judgment of May 18, 1982, was entered.

One of the attached documents is a copy of a letter dated March 12, 1982, from Lori F. Fischler, then the attorney of record for the Government, to the plaintiff. This letter stated as follows:

> After a careful consideration of the facts, we are unable to accept your settlement offer [then in the amount of $42,816.10]. In view of your expressed unwillingness to consider counter-offers which do not include compensation for consequential damages or a period beyond your discharge, it appears, at this time, that further settlement negotiations are not likely to be fruitful.
>
> As we view the facts of the case, there appears to be no dispute regarding substantial material facts which would necessitate a trial. Consequently, the most appropriate way to proceed would be by a dispositive motion.
>
> Should you wish to present another settlement proposal or to discuss further the possibility of settlement, we would be happy to respond or discuss this matter with you.

Also attached is a copy of a letter of the same date from Ms. Fischler to the trial judge of the Court of Claims to whom case No. 344–81C was assigned. This letter also stated that, after careful consideration, the defendant was unable to accept the settlement offer made by the plaintiff and that, based upon conversations with the plaintiff, it appeared that further settlement negotiations would not be fruitful because of the plaintiff's unwillingness to consider a counteroffer in an amount which Ms. Fischler would be willing to recommend. The letter expressed the desire of the defendant to proceed by means of a dispositive motion, as the defendant was of the view that the case did not involve any dispute regarding material facts which would require a trial.

Also attached to the present complaint is a statement signed by one Quincy A. Carter, declaring in part that "[a]s Mr. Tony Myers telephoned Attorney Lori Fischler * * * from my former residence on 1307 Johnson Ave., Columbia, S.C. 29201, * * * I can attest as I listened telephonically that Lori Fischler specifically stated that Tony Myers would not receive any compensation past his discharge date of February 27, 1980."

There is nothing in any of the documents attached to the present complaint from which it could reasonably be inferred that the defendant may have been guilty of fraud, misrepresentation, or other misconduct in connection with the stipulation on the basis of which the Court of Claims entered judgment in case No. 344–81C.

To the extent that the present complaint might be construed as an attempt by the plaintiff to relitigate the merits of the plaintiff's claim based upon his discharge from the Army effective February 27, 1980, the doctrine of *res judicata* would require the dismissal of the complaint. Under that doctrine, when a court of competent jurisdiction has rendered a final judgment on the merits of a cause of action, the judgment "puts an end to the cause of action, which cannot be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment." *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *also see Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979); *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Hence the Court of Claims' final judgment in case No. 344–81C, awarding the plaintiff $15,000 on his cause of action arising from his discharge from the Army effective February 27, 1980, bars the plaintiff from relitigating that cause of action.

## CONCLUSION

For the reasons previously stated, the court concludes that there is no genuine issue as to any material fact in this case, that the plaintiff is not entitled to any further relief concerning the matters set

out in the complaint, and that the defendant is entitled as a matter of law to a judgment dismissing the complaint.

Accordingly, the defendant's motion for summary judgment is allowed.

The clerk will dismiss the complaint.

IT IS SO ORDERED.