**James M. LEWIS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 92–235C.

United States Court of Federal Claims.

Nov. 12, 1992.

James M. Lewis, pro se.

Luis M. Matos, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

YOCK, Judge.

This military pay case is currently before this Court on defendant's motion to dismiss for expiration of the statutory time bar under the statute of limitations, 28 U.S.C. § 2501 (1988), on defendant's motion to dismiss for breach of the election of forum statute, 28 U.S.C. § 1500 (1988), on defendant's motion to stay proceedings on defendant's motion to dismiss for lack of jurisdiction pursuant to 28 U.S.C. § 1500 only, and on plaintiff's motion to stay proceedings pending disposition of motion for relief of judgment. Because plaintiff submitted the present action in this Court more than six years after the date on which the cause of action accrued, 28 U.S.C. § 2501 inhibits the instant action and, resultingly, this Court grants defendant's motion to dismiss pursuant to the statute of limitations.

## FACTS

James M. Lewis enlisted in the United States Marine Corps (USMC) on November

19, 1968 and served with the 1st Force Service Regiment in Vietnam starting in June of 1969. On May 22, 1970, after a series of nonjudicial punishments for disciplinary infractions, a general court-martial sentenced plaintiff to a reduction in pay grade, forfeiture of all pay and allowances, confinement at hard labor for two years, and a bad conduct discharge for striking a noncommissioned officer, assault with a dangerous weapon, and multiple specifications of disrespect and making threats. On January 27, 1971, the United States Navy Court of Military Review (USNCMR) affirmed the bad conduct discharge but reduced the term of confinement to twelve months.

The plaintiff then appealed to the United States Court of Military Appeals (USCMA) for final review of the bad conduct discharge. On May 27, 1971, the USCMA denied plaintiff's request for review and issued the discharge, effective August 27, 1971. Upon a petition for extraordinary relief, however, the Court of Military Appeals reversed plaintiff's general court-martial on September 13, 1972 for a jurisdictional defect in the original proceeding. *Lewis v. United States*, 45 C.M.R. 937 (C.M.A.1972). On February 27, 1974, the USMC reinstated plaintiff's rank of private first class and reclassified plaintiff's reason for discharge from a bad conduct discharge to a discharge for convenience of the Government under honorable conditions. On March 28, 1974, the USMC further converted plaintiff's discharge status to a general discharge under honorable conditions.

Nine years later, in 1983, plaintiff petitioned the Naval Discharge Review Board (NDRB) for an honorable discharge. On November 25, 1983, after reviewing plaintiff's military record, the NDRB denied the petition. Subsequently, plaintiff petitioned the Board for Correction of Naval Records (BCNR) for the removal of the unfavorable materials from his military record, including the conduct that precipitated the court-martial, as well as reinstatement and retroactive promotion. On April 3, 1984, the BCNR denied the petition. Upon plaintiff's request for reconsideration of the BCNR's finding, on June 7, 1988, the BCNR agreed to remove the material in plaintiff's military record reflecting the general court-martial conviction but again denied his petition for reinstatement and retroactive promotion.

On May 18, 1989, plaintiff filed suit for judicial review of the adverse administrative decision by the BCNR in the United States District Court for the District of Columbia. *Lewis v. Secretary of Navy*, Civil Action No. 89–1446, 1990 WL 454624 (D.D.C. June 29, 1990). In that case, as in the instant proceeding, the United States also argued that the statute of limitations, as set forth at 28 U.S.C. § 2401(a), bars any civil action against the United States unless filed within six years after the right of action first accrues. *Id.* at 9–10. Although recognizing that an action challenging a discharge from military service accrues at the time of discharge, *Walters v. Secretary of Defense*, 725 F.2d 107, 114 (D.C.Cir.1983), the district court rejected defendant's statute of limitations argument because plaintiff, in contrast to the party in *Walters*, had pursued his administrative remedies. *Id.* at 10–13; *see id.* at 13 (citing *White v. Secretary of Army*, 629 F.Supp. 64, 67 n. 2 (D.D.C.1984), which held: "[the] language in *Walters* intimates that a plaintiff's pursuit of administrative remedies may operate to toll the running of the statute of limitations"). However, as plaintiff waited nine years to pursue his administrative remedies, the district court found plaintiff's primary claim barred by the statute of limitations. *Id.* at 14. In contrast to plaintiff's direct challenge to his discharge, however, the district court ruled otherwise with regard to plaintiff's claim of judicial review of the BCNR decision. *Id.* Adopting the precedent of the Second, Third, Fifth, and Tenth Circuits, *Blassingame v. Secretary of Navy*, 811 F.2d 65, 71 (2d Cir.1987), *rev'd on other grounds after remand*, 866 F.2d 556 (1989); *Dougherty v. United States Navy Bd. for Correction of Naval Records*, 784 F.2d 499, 501–02 (3d Cir.1986); *Geyen v. Marsh*, 775 F.2d 1303, 1309 (5th Cir.1985); *Smith v. Marsh*, 787 F.2d 510, 512 (10th Cir.1986), and rejecting the precedent of the Federal Circuit, *Hur-*

*ick v. Lehman,* 782 F.2d 984, 986 (Fed.Cir. 1986), the district court ruled that the right to obtain judicial review of an administrative decision accrues at the time of administrative decision, and not at the time of the underlying discharge. *Lewis v. Secretary of Navy, supra,* at 14–17. Accordingly, the court found plaintiff's suit "well within the six year limitation period of 28 U.S.C. § 2401(a)." *Id.* at 17. Nevertheless, after viewing the merits of the case, the district court ruled in favor of the United States on summary judgment. *Id.* at 21.

On April 1, 1992, plaintiff filed the instant suit with this Court for judicial review of the administrative decision by the BCNR, seeking reinstatement, retroactive promotion, and back pay. On June 15, 1992, the United States submitted its motion to dismiss the present action upon the basis that the statute of limitations, 28 U.S.C. § 2501, bars any cause of action by plaintiff. On July 8, 1992, plaintiff submitted an unopposed motion for an enlargement of time for thirty days. As plaintiff sought the enlargement to complete concurrent proceedings before the district court, this Court granted the motion, allowing plaintiff until August 8, 1992 to respond to defendant's motion to dismiss.[1] On August 8, 1992, plaintiff again sought a motion in this Court for an unopposed enlargement of time for fifteen days in order to resubmit a second motion for relief of judgment from the district court's decision. On August 25, 1992, this Court granted the motion, allowing plaintiff until August 25, 1992, later extended to September 28, 1992.

On September 28, 1992, plaintiff submitted a motion for stay of proceedings pending disposition of its motion for relief from judgment from the district court. On October 15, 1992, defendant submitted its opposition to plaintiff's motion for stay of proceedings and, in addition, introduced its

second motion to dismiss plaintiff's suit for lack of jurisdiction pursuant to the election of forum statute, 28 U.S.C. § 1500. On November 2, 1992, defendant submitted a motion to stay proceedings on defendant's motion to dismiss for lack of jurisdiction pursuant to 28 U.S.C. § 1500 only, to which plaintiff joins. As the United States Supreme Court recently granted *certiorari* review of *UNR Indus., Inc. v. United States,* 962 F.2d 1013 (Fed.Cir.), *cert. granted, Keene Corp. v. United States,* — U.S. —, 113 S.Ct. 373, 121 L.Ed.2d 285 (1992) defendant requests a stay of proceedings on its motion to dismiss under the election of forum statute, contemplating a thorough determination by the Supreme Court on the application of 28 U.S.C. § 1500, to this Court's jurisdiction.

In sum, plaintiff requests a stay of proceedings pending disposition of motions for relief of judgment from the district court, while defendant awaits this Court's decision on a motion to dismiss pursuant to the statute of limitations, 28 U.S.C. § 2501, or, in the alternative, requests a stay of proceedings pending resolution of a case before the United States Supreme Court on the election of forum statute, 28 U.S.C. § 1500.

## DISCUSSION

Plaintiff received a bad conduct discharge on August 27, 1971, a reclassification to a discharge for convenience of the Government under honorable conditions on February 27, 1974, and a general discharge under honorable conditions on March 28, 1974. Plaintiff waited, however, twenty-one years from the initial discharge, and eighteen years from the final discharge, before he chose to seek redress in this Court. 28 U.S.C. § 2501 clearly states:

---

1. Simultaneous with initiating proceedings in this Court, and more than two years after the district court decision, plaintiff had submitted a motion for relief of judgment of the district court's decision, on July 6, 1992. On July 9, 1992, the court denied plaintiff's untimely motion *sua sponte* pursuant to Rule 60(b) of the Federal Rules of Civil Procedure which requires filing of a motion for relief of judgment not

more than one year after judgment. Fed. R.Civ.P. 60(b). On August 6, 1992, in a second motion for relief of judgment from the district court decision, the plaintiff requested transfer from the district court to this Court. Because of the previous denial of relief of judgment, on August 13, 1992, the district court refused to entertain plaintiff's second motion.

Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

The law of this Court, moreover, maintains that the right to obtain judicial review accrues at the time of separation from military service. *Hurick v. Lehman,* 782 F.2d 984, 986 (Fed.Cir.1986); *Kirby v. United States,* 201 Ct.Cl. 527, 531 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974). Thus, as plaintiff claims no disability, the present action stands time barred for plaintiff because more than six years have passed since his right of action first accrued.[2]

Accordingly, this Court concludes that the plaintiff filed the instant action subsequent to the tolling of the statute of limitations and, thus, may not now seek an untimely judicial remedy in this Court.[3]

## CONCLUSION

For the reasons stated above, this Court grants the defendant's motion to dismiss for expiration of the statutory time bar under the statute of limitations, 28 U.S.C. § 2501, and denies both plaintiff's and defendant's motions to stay proceedings. Accordingly, the clerk shall dismiss the plaintiff's complaint and enter judgment for the defendant.

Each party is to bear its own costs.

---

**2.** Albeit irrelevant in the present situation, plaintiff waited nine years before he even sought an administrative appeal. *See Hurick,* 782 F.2d at 987 (finding no tolling of the statute of limitations by an administrative appeal).

**3.** In the instant action, defendant presents an additional argument for dismissal of the present case pursuant to the election of forum statute. Because the statute of limitations so clearly places this case outside of the jurisdiction of this Court, however, this Court need not address the 28 U.S.C. § 1500 jurisdictional issue.