James M. LEWIS, Plaintiff, pro se,

v.

**The UNITED STATES, Defendant.**

**No. 11–71C.**

United States Court of Federal Claims.

Aug. 1, 2011.

James M. Lewis, Plaintiff, pro se.

Katy Marie Bartelma, United States Department of Justice, Civil Division, Washington, D.C., Counsel for Defendant.

**MEMORANDUM OPINION
AND FINAL ORDER**

BRADEN, Judge.

## I. RELEVANT FACTS.[1]

On November 19, 1968, James M. Lewis enlisted in the United States Marine Corps ("USMC"). *See Lewis I*, 1990 WL 454624, at

---

**1.** The relevant facts were derived from: the April 18, 2011 First Amended Complaint ("Compl.") and attached Exhibits ("Ex. 1–4"); the United States District Court for the District of Columbia's Opinion in *Lewis v. Sec'y of Navy*, No. 89– 1446, 1990 WL 454624 (D.D.C. June 29, 1990) (*"Lewis I"*); and the United States Court of Federal Claims' Opinion in *Lewis v. United States*, 27 Fed.Cl. 104 (1992) (*"Lewis II"*).

*1. In June 1969, Mr. Lewis began serving as a general warehouseman for the 1st Force Service Regiment in Vietnam. *Id.*

On May 22, 1970, Mr. Lewis was convicted by a General Court Martial of assault with a dangerous weapon, striking a noncommissioned officer, making threats, and multiple acts of disrespect. *Id.* He was sentenced to confinement at hard labor for two years, a reduction in pay grade, forfeiture of all pay and allowances, and discharge for bad conduct. *Id.* On January 27, 1971, the United States Navy Court of Military Review reduced Mr. Lewis' sentence to twelve months of hard labor. *Id.*

On April 1, 1971, Mr. Lewis requested a review of his discharge for bad conduct from the United States Court of Military Appeals ("USCMA"). *Id.* Prior to taking appellate leave,[2] Mr. Lewis signed the following statement: "If the [Bad Conduct Discharge] is set aside and no rehearing is to be held, I shall be discharged with the type of discharge warranted by my service record." Ex. 1. On May 27, 1971, the USCMA denied Mr. Lewis' request for review and a discharge for bad conduct was issued August 27, 1971. *Id.*

Subsequently, Mr. Lewis filed a Petition for Extraordinary Relief. *Id.* On September 13, 1972, the USCMA granted Mr. Lewis's Petition for Extraordinary Relief and set aside the May 22, 1970 general court-martial's findings and sentence. *See Lewis v. United States*, 45 C.M.R. 937 (C.M.A.1972). On October 10, 1972, the officer exercising general court-martial jurisdiction restored all rights, privileges, and property that Mr. Lewis was deprived of as a result of the May 22, 1970 decision.[3] *See Lewis I*, 1990 WL 454624, at *1.

On January 2, 1974, the USCMA received a letter from Mr. Lewis seeking information about the final disposition of his case. *Id.*;

Compl. at 3. On February 27, 1974, the USMC reinstated Mr. Lewis to the rank of private first class and issued a Certificate of Release or Discharge from Active Duty,[4] retroactive to August 27, 1971, which stated the reason for discharge as "for convenience of the Government." *Lewis I*, 1990 WL 454624, at *1. On March 28, 1974, Mr. Lewis's August 27, 1971 discharge for bad conduct was changed to a general discharge under honorable conditions for convenience of the Government. *Id.*

In 1983, Mr. Lewis filed a Petition with the Naval Discharge Review Board to request that his General Discharge be changed to an Honorable Discharge. *Id.* at *2. On November 25, 1983, that petition was denied. *Id.* Subsequently, Mr. Lewis appealed to the Board for Correction of Naval Records ("BCNR"), for corrections to his military record, reinstatement, and retroactive promotion. *Id.* On April 3, 1984, the BCNR denied the Appeal. *Id.* On June 7, 1988, the BCNR granted Mr. Lewis's Request For Reconsideration, in part, and removed information in Mr. Lewis's military record reflecting the May 22, 1970 General Court Martial conviction, but denied his request for reinstatement to active service and retroactive promotion. *Id.*

## II. PROCEDURAL HISTORY.

### A. In The United States District Court For The District Of Columbia.

On May 18, 1989, Mr. Lewis filed a Complaint in the United States District Court for the District of Columbia (the "District Court"), challenging the BCNR's June 7, 1988 decision, pursuant to the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* ("APA"), and seeking reinstatement to active duty.[5] *See Lewis I*, 1990 WL 454624, at *3.

---

**2.** Appellate leave is the term used to describe a military member who has received a punitive discharge from a court-martial who leaves active duty pending completion of the appellate review of the court-martial and issuance of the discharge. *See* 10 U.S.C. § 871.

**3.** The April 18, 2011 First Amended Complaint alleges, however, that he did not receive notice of the setting aside of his general court-martial and

dismissal of charges until June 18, 1980. Compl. at 3.

**4.** The Certificate of Release or Discharge from Active Duty is also known as DD Form 214.

**5.** The District Court did not construe Mr. Lewis's May 18, 1989 Complaint as asserting a claim under the Little Tucker Act, 28 U.S.C. § 1346(a)(2). *See Lewis I*, 1990 WL 454624, at *3.

The District Court held that Mr. Lewis's claim for improper discharge was barred by the six-year statute of limitations,[6] because he waited until nine years after his discharge to pursue his administrative remedies.[7] *Id.* at *6. The District Court, however, determined that Mr. Lewis's challenge of the BCNR's June 7, 1988 decision was timely, holding that the right to obtain judicial review of an administrative decision accrues at the time of administrative decision, not at the time of the underlying discharge. *Id.* at *8. Nevertheless, the District Court granted summary judgment in favor of the Government, because Mr. Lewis "failed to carry his burden of establishing that the decision of the BCNR was 'arbitrary, capricious, or contrary to law.'" *Id.* at *9.

## B. Before The United States Court of Federal Claims.

On April 1, 1992, Mr. Lewis ("Plaintiff") filed a Complaint in the United States Court of Federal Claims for judicial review of the June 7, 1988 BCNR Decision, denying Mr. Lewis's request for reinstatement, retroactive promotion, and back pay arising from a wrongful discharge. *See Lewis II,* 27 Fed. Cl. 104, 106 (1992). On November 12, 1992, the April 1, 1992 Complaint was dismissed because Plaintiff's claims were barred by the statute of limitations. *Id.* at 107. Mr. Lewis's claim accrued on August 27, 1971, the date of his initial discharge, or on March 28, 1974, when his discharge was reclassified as a general discharge, and the statute of limitations was not tolled by his 1983 appeal to the BCNR. *Lewis II,* 27 Fed.Cl. at 107.

On February 2, 2011, Mr. Lewis filed a second Complaint at the United States Court of Federal Claims, together with attached Exhibits. On February 28, 2011, Plaintiff filed a Motion To Amend, that was granted on March 4, 2011. On April 18, 2011, by leave of the court, Plaintiff filed a First Amended Complaint. The April 18, 2011 First Amended Complaint alleges that the USMC unlawfully discharged Plaintiff on August 27, 1971 and subsequently concealed the reason for his discharge to prevent him from bringing suit. Compl. at 2, 4, 8–10. The April 18, 2011 First Amended Complaint alleges that Plaintiff discovered for the first time that he had been discharged under 10 U.S.C. § 874(b)[8] in 2006, when he became aware of the United States District Court for the District of Columbia's decision.[9] *Id.* at 6. The April 18, 2011 First Amended Complaint requests that the court compel the Government to: 1) restore Plaintiff to active duty, effective March 1, 1970, and retroactively promote him; 2) pay him $5,000,000 in back pay; 3) remove paragraph 6012.1f(17) from the Marine Corps Separation and Retirement Manual; and 4) grant Plaintiff relief from the judgment in his prior litigation in the United States Court of Federal Claims. *Id.* at 15.

On April 22, 2011, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to Rules 12(b)(1) and (6) of the Rules of the United States Court of Federal Claims ("RCFC"). On May 5, 2011, Plaintiff filed a Response to the Government's April 22, 2011 Motion To Dismiss ("Pl. Resp.") and a Motion Pursuant to RCFC 62(b)(4), To Stay Pending Resolution Of Plaintiff's Request For Relief From Judgment Under FRCP 60(d)(1), (3). On May 10, 2011, the court

---

6. The relevant statute of limitations for claims against the Government in a United States District Court is set forth in 28 U.S.C. § 2401(a), which provides, in relevant part:

Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.

28 U.S.C. § 2401(a).

7. The District Court recognized that pursuit of administrative remedies could toll the statute of limitations, but not where those remedies were pursued after the statute of limitations expired. *See Lewis I,* 1990 WL 454624, at *4–6.

8. 10 U.S.C. § 874(b) is a court-martial sentence suspension provision that provides:

"The Secretary concerned may, for good cause, substitute an administrative form of discharge for a discharge or dismissal executed in accordance with the sentence of a court-martial."

10 U.S.C. § 874(b).

9. The District Court cited 10 U.S.C. § 874(b) in support of its finding that Plaintiff's administrative discharge was lawful. *See Lewis I,* 1990 WL 454624, at *9.

denied Plaintiff's Motion To Stay as moot, because there was neither a pending judgment awaiting execution nor any proceedings to enforce such a judgment. On May 25, 2011, the Government filed a Reply ("Gov't Reply").

## III. DISCUSSION

### A. Jurisdiction.

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act. *See* 28 U.S.C. § 1491. The Tucker Act authorizes the court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages.... [T]he Act merely confers jurisdiction upon it whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed.Cir. 2005) (en banc) ("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."). The burden of establishing jurisdiction falls on the plaintiff. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) (holding that the burden is on the plaintiff to allege facts sufficient to establish jurisdiction); *see also* RCFC 12(b)(1).

The April 18, 2011 Complaint alleges that the court has jurisdiction to adjudicate the claims therein under the Military Pay Act, 37 U.S.C. § 204. Compl. at 1.

### B. Standing.

■ The United States Supreme Court has held that "the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Standing must be determined "as of the commencement of suit." *Rothe Dev. Corp. v. Dep't of Def.*, 413 F.3d 1327, 1334 (Fed.Cir.2005). The party invoking federal jurisdiction bears the burden of establishing standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Specifically, "a plaintiff must show [that] it has suffered an 'injury in fact' that is ... concrete and particularized and ... actual or imminent, not conjectural or hypothetical; ... the injury is fairly traceable to the challenged action of the defendant; and ... it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (internal citations omitted).

■ The April 18, 2011 Complaint alleges that the USMC improperly discharged Plaintiff, depriving him of pay and benefits from August 27, 1971, the effective date of his discharge from military service, until present.[10] Compl. at 12, 15. Therefore, the April 18, 2011 Complaint alleges that Plaintiff has suffered an injury in fact that is concrete in amount and traceable to the actions of the USMC. Plaintiff has alleged a sufficient economic injury to establish standing.

### C. Standard For Decision On Motion To Dismiss, Pursuant To RCFC 12(b)(1).

A challenge to the "[United States Court of Federal Claims'] general power to adjudi-

---

**10.** It is unclear whether the April 18, 2011 Complaint also alleges Plaintiff is owed back pay from March 1, 1970 to August 27, 1971, the period Plaintiff was confined pursuant to the May 22, 1970 court-martial sentence. The April 18, 2011 Complaint alleges that Plaintiff was removed from the promotion cycle on March 1, 1970 and is entitled to remedial promotion, but does not specify whether Plaintiff is claiming back pay for this period. Compl. at 13.

cate in specific areas of substantive law … is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999); *see also* RCFC 12(b)(1) ("Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). Nonetheless, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question … [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### D. Standard For Decision On Motion To Dismiss, Pursuant To RCFC 12(b)(6).

Although a complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of actions elements will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) (internal quotation marks omitted). In order to survive a motion to dismiss, however, the court "[does] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss"). When reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, the court "must accept as true all the factual allegations in the complaint, and … indulge all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States,* 241 F.3d 1375, 1378 (Fed.Cir.2001) (citations omitted); *but see Iqbal,* 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

### E. Pro Se Litigants.

■ The pleadings of a *pro se* Plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers") (citations omitted) (internal quotation marks omitted). Indeed, it has been the tradition of this court to examine the record "to see if [a *pro se* ] Plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 412 F.2d 1285, 1292 (Ct.Cl.1969). Nevertheless, while the court may excuse ambiguities in a *pro se* Plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke,* 60 F.3d at 799.

### F. The Government's April 22, 2011 Motion To Dismiss.

#### 1. Pursuant to RCFC 12(b)(1).

##### a. The Government's Argument.

The Government argues that the United States Court of Federal Claims does not have jurisdiction to adjudicate the claims alleged in the April 18, 2011 First Amended Complaint, because they are "barred unless the petition thereon is filed within six years after such claim[s] first [accrue]." 28 U.S.C. § 2501. The Government contends that Plaintiff's claims accrued in 1974, when he was issued a Certificate of Release or Discharge from Active Duty following the appeal of his court martial. Gov. Mot. at 7; *see also* Compl. at 2, 12 (acknowledging that discharge certificate was mailed in 1974). Plaintiff's appeal to the BCNR does not toll the running of the statute of limitations or

give rise to a new cause of action. Gov't Mot. at 7.

As for the allegation that the Government concealed the regulation under which Plaintiff was discharged, the record establishes that Plaintiff was aware of his discharge in 1974, therefore any back pay claim accrued at that time. Even assuming, *arguendo,* that Plaintiff did not know all the facts at the time of his discharge, he knew or should have known the facts when the District Court issued its opinion in *Lewis I* in 1990. Gov't Mot. at 8; *see also* Compl. at 6–7 ("The revelation [that led Plaintiff to discover the regulation he was discharged under] came in the [District Court's] opinion.").

Finally, because the court's statute of limitations is jurisdictional, it cannot be "waived or extended by equitable considerations." *Young v. United States,* 529 F.3d 1380, 1384 (Fed.Cir.2008). By failing to file suit within the limitation period, Plaintiff lost all rights to sue for the loss of pay stemming from the challenged discharge. Gov't Mot. at 7. Plaintiff's allegation that he did not receive correct and timely advice regarding his discharge does not alter this result. Compl. at 2.

### b. Plaintiff's Response.

Plaintiff responds that his claims are not barred because equitable tolling of the statute of limitations is warranted.[11] Pl. Resp. at 2. Equitable tolling is applicable, because the Government concealed the regulation under which he was discharged, preventing Plaintiff from "actively contesting" his discharge. *Id.* Further, Plaintiff was tricked into allowing the filing deadline for judicial review of the discharge to pass and the District Court was misled by the Government as to the reason for Plaintiff's discharge. *Id.* at 4–5. Accordingly, Plaintiff contends that if the statute of limitations was not tolled, the court would be allowing the Government to "take advantage of [its] own wrong." *Id.* at 2.

In *Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), the United States Supreme Court followed the "maxim that no man may take advantage of his own wrong" in holding that the defendant was estopped from raising a statute of limitations defense where the defendant had induced the delay in plaintiff bringing suit. *Id.* at 231–32, 79 S.Ct. 760. Accordingly, the United States Supreme Court held that if the plaintiff was justifiably misled by the defendant into a good faith belief that he could begin his action outside the statute of limitations, plaintiff was entitled to have the case tried on the merits. *Id.* at 235, 79 S.Ct. 760; *see also Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (holding that equitable tolling is allowed "where the complainant ha[d] been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass") (citations omitted).

Plaintiff also argues that the Government's fraudulent conduct prevented him from being diligent, and therefore, his claims should not accrue until he discovered the Government's fraud in 2006. Pl. Resp. at 3, 12. In *Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946), the United States Supreme Court declared, in an action for the enforcement of federal equitable rights, that "[w]here a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute [of limitations] does not begin to run until the fraud is discovered.'" *Id.* at 397, 66 S.Ct. 582 (citations omitted).

### c. The Government's Reply.

The Government replies that the statute of limitations set forth in 28 U.S.C. § 2501 is a jurisdictional bar to bringing suit, not an affirmative defense. Gov't Reply at 2. Therefore, equitable tolling cannot apply to Plaintiff's claims. *Id.*

In addition, the Government argues that Plaintiff's claims accrued more than six years prior to the filing of the present suit. *Id.* at 3. While the accrual of a claim is suspended until the claimant knew or should have known that the claim existed, Plaintiff should have known all of the facts giving rise to his

---

**11.** Plaintiff appears to use the term "equitable tolling" to encompass the defense of equitable tolling and suspension of claim accrual.

claims by 1990 at the latest. *See Martinez v. United States*, 333 F.3d 1295, 1319 (Fed.Cir. 2003) (en banc). The information that forms the foundation of Plaintiff's fraud allegations was revealed in the District Court proceedings. Compl. at 6–7. Therefore, Plaintiff's claims either accrued 37 years ago at the time of his discharge, or 21 years ago at the conclusion of the District Court case. Gov't Reply at 3. Plaintiff's discovery of a new legal theory in 2006 does not impact the accrual of his claim for purposes of the statute of limitations. *See Catawba Indian Tribe of S.C. v. United States*, 982 F.2d 1564, 1572 (Fed.Cir.1993).

### d. The Court's Resolution.

■ The United States Court of Appeals for the Federal Circuit has held that under 28 U.S.C. § 2501,[12] "[a] claim accrues when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed.Cir. 2006) (citation omitted) (quotation marks omitted). In a military discharge case, "the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge." *Martinez*, 333 F.3d at 1303. Moreover, "a plaintiff's invocation of a permissive administrative remedy does not prevent the accrual of the plaintiff's cause of action, nor does it toll the statute of limitations pending the exhaustion of that administrative remedy." *Id.* at 1304.

■ The United States Supreme Court has held that the Tucker Act's statute of limitations is jurisdictional and not subject to equitable tolling. *See John R. Sand & Gravel v. United States*, 552 U.S. 130, 133–36, 139, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008). A statute of limitations that serves as a jurisdictional bar is "more absolute," and cannot be waived or extended by equitable considerations. *Id.* at 133–34, 128 S.Ct. 750. Therefore, accrual of a claim in the United States

Court of Federal Claims can only be postponed under the accrual suspension rule, which provides that a claim cannot accrue until "the claimant knew or should have known that the claim existed." *Martinez*, 333 F.3d at 1319. (citation omitted) (quotation marks omitted). For the accrual suspension rule to apply, a "plaintiff must either show that the defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was inherently unknowable at the accrual date." *Young*, 529 F.3d at 1384 (citation omitted) (quotation marks omitted).

In this case, the April 18, 2011 First Amended Complaint alleges that Plaintiff's August 27, 1971 discharge following his conviction in general court-martial proceedings was unlawful. Compl. at 2; *see also Lewis I*, 1990 WL 454624, at *1. Plaintiff's conviction was set aside after appeal, and a new Certificate of Release or Discharge from Active Duty was issued on February 27, 1974. *Id.* As such, Plaintiff's claims for back pay accrued on February 27, 1974, unless their accrual was postponed by the accrual suspension rule.

Plaintiff contends that the accrual suspension rule should apply because the Government concealed the regulation under which he was discharged. Pl. Resp. at 2, 3. The basis of Plaintiff's argument appears to be that the District Court cited a regulation that was inconsistent with the regulation that the Government cited as authorizing Plaintiff's discharge.[13] Plaintiff believes the regulation cited by the District Court was the regulation used to effectuate his discharge.

■ As a threshold matter, this court does not have jurisdiction to review the findings of the United States District Court for the District of Columbia, nor does this court have the record that was available in those proceedings. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir.1994) ("[T]he Court of

---

**12.** The statute of limitations of the United States Court of Federal Claims is governed by 28 U.S.C. § 2501, that provides: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501.

**13.** It appears the regulation may have been miscited in the prior proceeding. In *Lewis I*, the Government cited 10 U.S.C. § 875(b) in its Motion For Summary Judgment as authorizing Plaintiff's discharge, however, the District Court cited to 10 U.S.C. § 874(b). *See* Exh. 4 at 14.

Federal Claims does not have jurisdiction to review the decisions of district courts ... relating to proceedings before those courts.").

█ Assuming, *arguendo,* that Plaintiff's allegation is true, accrual of his claims would be postponed by the accrual suspension rule. The District Court, however, issued its Opinion on June 29, 1990. *Lewis I,* 1990 WL 454624, at *1. Therefore, even if the Government concealed the fact that Plaintiff was discharged under a clemency regulation, Plaintiff should have known of the facts giving rise to his claim by June 29, 1990. *See Ingrum v. United States,* 560 F.3d 1311, 1314–15 (Fed.Cir.2009) ("[A] plaintiff's ignorance of a claim that he should have been aware of is not enough to suspend the accrual of a claim.") (citation omitted); *see also Catawba Indian Tribe,* 982 F.2d at 1572 (holding that ignorance or misunderstanding of the law would not toll the running of the statute of limitations); *Young,* 529 F.3d at 1385 (It is a "Plaintiff's knowledge of the facts of the claim that determines the accrual date," not the discovery of a legal theory.). Accordingly, the court has determined that Plaintiff's claims accrued, at the latest, on June 29, 1990, and are barred by this court's statute of limitations.

For this reason, the court has determined that it does not have jurisdiction to adjudicate the claims alleged in the April 18, 2011 First Amended Complaint.

### 2. Pursuant to RCFC 12(b)(6).

Although the court has determined it does not have jurisdiction, in the interests of completeness, the court will discuss the reasons why the Government's Motion To Dismiss, pursuant to RCFC 12(b)(6), must also be granted.

### a. The Government's Argument.

The Government argues that the April 18, 2011 First Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted because the doctrines of *res judicata* and collateral estoppel preclude Plaintiff's claims from being re-litigated. Gov't Mot. at 9.

The Government contends *res judicata* should apply because Plaintiffs claims have

previously been decided against him by another court. *Id.; see also Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) ("Under *res judicata,* a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.") (citations omitted).

In addition, collateral estoppel also bars adjudication of Plaintiff's claims. The core issue raised in both actions is the legality of Plaintiff's military discharge, which was litigated when the District Court conducted a review of the BCNR decision under the APA, 5 U.S.C. § 706. *See Lewis I,* 1990 WL 454624, at *9. The District Court determined that the BCNR did not act in a manner that was arbitrary, capricious, unsupported by substantial evidence, or erroneous in law and granted the Government's motion for summary judgment. *Id.* Therefore, Plaintiff had a full and fair opportunity to litigate his claims, and is estopped from re-litigating the propriety of his discharge. Gov't Mot. at 11.

### b. Plaintiff's Response.

Plaintiff responds that *res judicata* is not applicable because the factual basis of his claims is different from the basis in the District Court. Pl. Resp. at 6. *Res judicata* only applies if "the second claim is based on the same set of transactional facts as the first." *Jet, Inc. v. Sewage Aeration Sys.,* 223 F.3d 1360, 1362 (Fed.Cir.2000) (citations omitted). Plaintiff's current claims are based on the Government's fraud and collusion that were not at issue in the District Court action. Pl. Resp. at 6, 7. In addition, *res judicata* is inapplicable where fraud and collusion have taken place. *See Rymarkiewicz v. United States,* 42 Ct.Cl. 1, 3 (Ct.Cl.1906) ("When a matter has once properly passed to judgment, *without fraud or collusion,* in a court of competent or concurrent jurisdiction, it has become *res judicata* [.]") (emphasis added). A " 'full and fair opportunity to litigate' the case below is a prerequisite to the principles of *res judicata." Poyner v. Murray,* 508 U.S. 931, 933, 113 S.Ct. 2397, 124 L.Ed.2d 299 (1993). Plaintiff was not given a full and fair opportunity to litigate his claims because the Government intentionally mis-

represented the facts surrounding Plaintiff's discharge in his prior case. Pl. Resp. at 10.

Moreover, the District Court did not have subject matter jurisdiction to render a judgment on the merits of Plaintiff's claims because the court found that they were barred by the statute of limitations. *See Lewis I*, 1990 WL 454624, at \*6 ("For these reasons, the [District Court] concludes that to the extent plaintiff is asserting a direct challenge to his discharge, such a claim is barred by the six year statute of limitations of 28 U.S.C. § 2401(a)."). Therefore, Plaintiff reasons that any reference to the legality of Plaintiff's discharge has no binding effect with regards to *res judicata*. Pl. Resp. at 6.

### c. The Government's Reply.

The Government replies that the underlying issue in Plaintiff's current and previous suits is the same. Gov't Reply at 4. In order to resolve Plaintiff's case on the merits, the court would need to analyze the BCNR's decision under the standards set out in the APA. *See Prochazka v. United States*, 90 Fed.Cl. 481, 493 (2009) (holding claims for pay and benefits stemming from an alleged unlawful discharge require analysis of a BCNR decision under APA standards). The District Court has conducted this analysis and determined that the BCNR's June 7, 1988 decision was not arbitrary, capricious, unsupported by substantial evidence, or erroneous in law. *See Lewis I*, 1990 WL 454624, at \*9. Therefore, Plaintiff is estopped from litigating this issue again. Gov't Reply at 5.

Plaintiff's reliance on a different legal theory, based on fraud and collusion, does not change the underlying issue to be determined. Gov't Reply at 4. To the extent that Plaintiff's claim is that the Government committed fraud, the United States Court of Federal Claims does not have jurisdiction in cases sounding in tort. *See Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.1997) ("Because fraud as a cause of action lies in tort, the [United States Court of Federal Claims] concluded that it lacked subject matter jurisdiction[.]"). Moreover, this court does not have jurisdiction to review a determination

by the District Court that it had jurisdiction. *See Joshua*, 17 F.3d at 380 ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts ... relating to proceedings before those courts.").

### d. The Court's Resolution.

■ A complaint "can be dismissed on a Rule 12(b)(6) motion when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy." *Corrigan v. United States*, 82 Fed.Cl. 301, 304 (2008) (internal quotations and citations omitted). *Res judicata* and collateral estoppel are affirmative defenses that are properly considered under a Rule 12(b)(6) motion to dismiss. *See* RCFC 8(c)(1) (listing estoppel and *res judicata* as affirmative defenses).

### i. Plaintiff's Claims Are Barred By *Res Judicata.*

■ *Res judicata*, or claim preclusion, will bar a second suit if:

(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first.

*Jet*, 223 F.3d at 1362. *Res judicata* applies to "claims that were raised, or could have been raised, in the prior action." *Int'l Nutrition Co. v. Horphag Research, Ltd.*, 220 F.3d 1325, 1328 (Fed.Cir.2000).

■ In this case, the parties to the two actions at issue are identical. Although the named defendant in the District Court was the Secretary of the Navy and the named defendant in this case is the United States, both represent the United States. *See Smith v. United States*, 59 Fed.Cl. 64, 67 (2003) (holding that the Commandant of the United States Disciplinary Barracks and the United States are identical parties).

■ As to the second requirement, the District Court rendered a judgment on the merits on Plaintiff's claim for review of the June 7, 1988 BCNR decision.[14] *See Lewis I*,

---

14. The District Court construed Plaintiff's Complaint as asserting two claims: a claim directly challenging his discharge, and a claim challeng-

ing the June 7, 1988 BCNR decision. *See Lewis I*, 1990 WL 454624, at \*3. The United States Court of Appeals for the Federal Circuit, howev-

1990 WL 454624, at *8–9. The District Court held that decision was not arbitrary, capricious, unsupported by substantial evidence, or erroneous in law. *Id.* Although the Plaintiff's direct challenge was found to be barred by the statute of limitations,[15] *res judicata* is still applicable where Plaintiff's current claims are based on the same transactional facts as a prior claim subject to judicial review.

Finally, Plaintiff's claims in this case are based on the same transactional facts as the prior claims adjudicated by the District Court. In making this determination, "courts have defined 'transaction' in terms of a 'core of operative facts,' the 'same operative facts,' or the 'same nucleus of operative facts,' and 'based on the same, or nearly the same, factual allegations.' " *Jet*, 223 F.3d at 1363 (citations omitted). Both actions concern Plaintiff's allegation that his discharge from the USMC was unlawful. Compl. at 2; *see also Lewis I*, 1990 WL 454624, at *1, 3. The only difference between the two suits is Plaintiff's theory as to why his discharge is unlawful. Plaintiff previously believed he was unlawfully discharged because he was entitled to a new trial after his court-martial sentence was set aside. *See Lewis I*, 1990 WL 454624, at *9 ("Plaintiff also contends that 'the action taken by the defendant was designed to rescind the general court-martial order issued by proper authority without complying with the standard procedures of military law that ... the plaintiff must be given a new trial.' "). Plaintiff now contends that he was discharged unlawfully because the wrong regulation was used to justify his discharge and he was never told of that fact.[16] *See* Compl. at 2 ("[P]laintiff contends that his discharge from the [USMC] ... is unlawful, since [the regulation used to implement the discharge] relates to clemency."). The United States Court of Federal Claims, however, has held that "[a]ltering the theory of recovery does not create a new claim under the transactional approach." *Anderson v. United States*, 46 Fed.Cl. 725, 730 (2000), *aff'd*, 4 Fed.Appx. 871 (Fed.Cir. 2001); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 24 cmt. a. (1982) ("The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff[.]"). Although Plaintiff did not seek back pay in his prior suit, Plaintiff's claim for back pay could have been raised, since he was discharged from the USMC and, as far as he was concerned, his discharge was unlawful.

er, has held that a separate claim does not accrue when an administrative board denies relief. *See Hurick v. Lehman*, 782 F.2d 984, 987 (Fed. Cir.1986) ("[T]he failure of the Correction Board to set aside a military discharge does not give rise to a separate and independent claim, since that action is merely ancillary to the discharge that the former serviceman is seeking to change.").

**15.** A dismissal based on statute of limitations is often considered a judgment on the merits. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds ... as a judgment on the merits."). A dismissal on statute of limitations grounds pursuant to 28 U.S.C. § 2401, however, does not constitute a judgment on the merits because that limitation is jurisdictional in nature. *See Georgalis v. United States Patent and Trademark Office*, 296 Fed.Appx. 14, 16 (Fed.Cir.2008) (holding that 28 U.S.C. § 2401 is a jurisdictional statute of limitations); *see also Young v. United States*, 92 Fed.Cl. 425, 431–32 (2010) (holding that a dismissal based on a jurisdictional statute of limitations does not constitute a judg-

ment on the merits because a judgment on the merits can only be rendered after a court has jurisdiction).

**16.** Plaintiff also alleges that *res judicata* does not apply because the Government intentionally misrepresented facts in his prior case, amounting to fraud and collusion. Plaintiff, however, has not proffered any evidence that Government intentionally misrepresented facts. *See Myers v. United States*, 8 Cl.Ct. 718, 721 (Cl.Ct.1985) ("[T]he principle of conserving judicial resources seems to require that, in order to justify the holding of a hearing on [a motion for relief from judgment due to fraud], the moving party's request must be supported by an indication that the necessary 'clear and convincing evidence' exists."); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 70 cmt. d (1982) ("[T]he party seeking relief [from judgment due to fraud] must demonstrate, before being allowed to present his case, that he has a substantial case to present, and must offer clear and convincing proof to establish that the evidence underlying the judgment was indeed fabricated or concealed.").

Therefore, the court has determined that the claims alleged in the April 18, 2011 First Amended Complaint are barred by *res judicata.*

#### ii. Plaintiffs Claims Are Barred By Collateral Estoppel.

The United States Court of Appeals for the Federal Circuit has held that collateral estoppel applies where:

(1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Dana v. E.S. Originals, Inc.,* 342 F.3d 1320, 1323 (Fed.Cir.2003) (citation omitted) (quotation marks omitted).

 The issue at stake in both cases is whether the BCNR's decision is arbitrary, capricious, unsupported by substantial evidence, or erroneous in law. For Plaintiff to prevail, the court would need to overturn the June 7, 1988 BCNR decision. *See Sanders v. United States,* 594 F.2d 804, 811 (Ct.Cl.1979) ("Once a plaintiff has sought relief from the Correction Board, such plaintiff is bound by that board's determination unless he can meet the difficult standard of proof that the Correction Board's decision was illegal because it was arbitrary, or capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law[.]" (citations omitted)), *abrogated in part on other grounds by* The Defense Officer Personnel Management Act, Pub.L. No. 96–513, § 105, 94 Stat. 2835, 2859–60 (1980) (codified as amended at 10 U.S.C. § 628(b) (2000)); *see also Neutze v. United States,* 88 Fed.Cl. 763, 768 (2009) ("The [United States Court of Federal Claims] will not disturb the decision of a corrections board unless it is arbitrary, capricious, contrary to law, or unsupported by

substantial evidence." (citation omitted) (quotation marks omitted)).

This issue, however, was litigated in the prior proceeding. The District Court has determined that the June 7, 1988 BCNR decision was not arbitrary, capricious, unsupported by substantial evidence, or erroneous in law, affirming the BCNR decision under the APA standard. *See Lewis I,* 1990 WL 454624, at *8–9.

The determination of this issue was a critical and necessary part of the judgment in the first action. The District Court granted summary judgment for the Government only after deciding that the June 7, 1988 BCNR decision was not arbitrary, capricious, unsupported by substantial evidence, or erroneous in law. *See Lewis I,* 1990 WL 454624, at *8–9.

Finally, there is no evidence that Plaintiff did not have a full and fair opportunity to litigate this issue. The only limitation Plaintiff faced was that he did not have counsel. *See Lewis I,* 1990 WL 454624, at *1. The District Court, however, construed the May 18, 1989 Complaint liberally in light of this fact. *Id.* at *3.

Therefore, for these reasons, the court has determined that the April 18, 2011 First Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted. *See* RCFC 12(b)(6).

### IV. CONCLUSION.

For the reasons stated herein, the Government's April 22, 2011 Motion To Dismiss, pursuant to RCFC 12(b)(1), (6), is granted. The Clerk of the United States Court of Federal Claims is directed to dismiss the April 18, 2011 First Amended Complaint.

**IT IS SO ORDERED.**